# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **JAYCOB RAICHE**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> **5 STAR PIZZA, LLC D/B/A "Domino's Pizza"** and **SUSAN L. GRAVES** <br><br> Defendants. | Civil Action No. <br><br> **COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT & THE MINNESOTA FAIR LABOR STANDARDS ACT

Plaintiff Jaycob Raiche ("Plaintiff"), through his undersigned counsel, individually and on behalf of all other similarly situated delivery drivers, files this Collective and Class Action Complaint against Defendants 5 Star Pizza, LLC d/b/a "Domino's Pizza" and Susan L. Graves (collectively, "Defendants"), and alleges as follows:

1. Defendants operate approximately over 100 Domino's Pizza franchise stores throughout Minnesota, Wisconsin, West Virginia, Iowa, and Kentucky. Defendants employ delivery drivers who use their own automobiles to deliver pizzas and other food items to their customers. Defendants use a formula to determine the amount of reimbursement due to drivers for the use of drivers' personal vehicles. However, instead of reimbursing delivery drivers for the reasonable costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates, providing drivers with

1

an unreasonably low rate of reimbursement. Defendants' reimbursement rate is roughly *one-third* of the rate used by reputable government agencies and neutral third parties to estimate the true cost of using the vehicles. For example, during his employment with Defendants, Plaintiff was reimbursed for the use of his personal vehicle at a rate of **20 cents per mile**. By contrast, during the time period relevant to this case, the IRS business mileage reimbursement rate ranged between **$.535 and $.545 per mile**. Likewise, the American Automobile Association ("AAA"), estimated that the average cost of owning and operating a vehicle ranged between **$.571 and $.608 per mile**. Defendants' low reimbursement rate effectively saddles employees with unreimbursed vehicle expenses. And because drivers earn so little, these unreimbursed expenses cause drivers' wages to fall below the federal and state minimum wage during some or all workweeks. That is unlawful. As the Department of Labor has explained, "no deduction may be made from an employee's wages which would reduce the employee's earnings below the required minimum wage or overtime compensation." Wage & Hour Div., U.S. Dep't of Labor, Fact Sheet #16: Deductions From Wages for Uniforms and Other Facilities Under the Fair Labor Standards Act (FLSA) (July 2009).

2.   Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and as a class action under the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177.21, *et seq.* to recover unpaid minimum wages owed to himself and similarly situated delivery drivers employed by Defendants at their Domino's Pizza stores.

**Jurisdiction and Venue**

3. The FLSA authorizes actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. The MFLSA similarly authorizes actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's MFLSA claims is based on 28 U.S.C. § 1367. The state law claims raised in this complaint are so related to the federal claims that they form part of the same case and controversy

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants operate Domino's Pizza franchise stores in this District, Defendants established their pay and reimbursement policies in this District, and a substantial part of the events giving rise to the claims herein occurred at Defendants' Domino's Pizza stores located in this District.

**Parties**

6. Defendant 5 Star Pizza, LLC is a Minnesota corporation maintaining its principal place of business in Minnesota with a registered office address at 1617 Hwy 12 E, PO Box 795, Willmar, MN 56201.

7. Defendant Susan L. Graves is individually liable because, during the relevant times, she was an owner of substantial interests in Defendant 5 Star Pizza, LLC, served as an officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as she held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held

control over employment records. Defendant Graves may be served at 3905 High Trail Ct., Flower Mound, TX 75022, or wherever she may be found.

8. Plaintiff was employed as a delivery driver at one of Defendants' Domino's Pizza stores located at 2330 Wilshire Blvd, Mound, MN 55364 from January 2016 to July 2017. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit A."

### General Allegations
*Defendants' Business*

9. Defendants own and operate numerous Domino's Pizza franchise stores, including stores within this District.

10. Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Flawed Automobile Reimbursement Policy*

11. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

12. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas and other food items for the primary benefit of Defendants.

13. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the per-mile reimbursement equates to below the IRS business mileage

4

reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This uniform policy applies to all of Defendants' delivery drivers.

14.  The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of delivery drivers' automobile expenses.

15.  During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.545 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranges between $.571 and $.608 per mile during the applicable period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle generally.

16.  However, the driving conditions associated with the pizza delivery business cause higher maintenance costs and more rapid depreciation. Defendants' delivery drivers experience lower gas mileage and higher repair costs than the average driver used in the above calculations. The nature of the delivery business includes frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

17.  Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles. Defendants uniformly fail to reimburse delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

18. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages paid to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

19. Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' effective wages are less than the federal and state minimum wage requirements.

20. In sum, Defendants' reimbursement policy fails to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

21. Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of minimum wage requirements.

22. Plaintiff was paid on an hourly basis below applicable state and federal minimum wage during his employment with Defendants, including a tip credit applicable to the time he performed deliveries.

23. The federal minimum wage has been $7.25 per hour since July 24, 2009. Beginning in August 2015, the Minnesota minimum wage for large employers was $9 an hour. The Minnesota minimum wage for large employers was raised to $9.50 an hour on

6

August 1, 2016. It was raised to $9.65 on January 1, 2018 and increased again to $9.86 on January 1, 2019. Minn. Stat. §177.24, *et seq*.

26. During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed just $0.20 per mile. Plaintiff's nominal hourly pay rate while out for delivery was $9.25.

27. During the time Plaintiff worked as a delivery driver for Defendants, the IRS business mileage reimbursement rate ranged between $.535 and $.545 per mile, which reasonably approximated the automobile expenses incurred while delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate per mile driven in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $0.335 ($.535 (actual cost) - $0.20 (amount reimbursed by Defendants)) per mile.

28. During his employment by Defendants, Plaintiff regularly made six or more deliveries per hour. Plaintiff's average round trip delivery distance was four miles. Therefore, Plaintiff averaged about 24 miles per hour working as a delivery driver.

29. Thus, given the discrepancy between the IRS minimum and the reimbursement Plaintiff actually received, every hour spent taking deliveries decreased Plaintiff's net wages by at least $8.04 ($.335 x 24 miles = $8.04), resulting in a net hourly wage rate of approximately $1.21 ($9.25 nominal hourly pay rate – $8.04 per hour "kickback" to Defendants = $1.21 net hourly wage).

30. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements;

incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the state minimum wage before deducting unreimbursed business expenses.

31. Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the state minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

32. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

33. Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses. In fact, there were times that Defendants would not pay Plaintiff and other Drivers anything for mileage or would deduct pay from their mileage amounts.

34. The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal and state minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Class and Collective Action Allegations

35. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

36. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

37. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

38. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizzas and other food items to Defendants' customers;

   b. They have delivered pizzas and other food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.  They were subject to the same pay policies and practices of Defendants;

g.  They were subject to the same delivery driver reimbursement policy, which underestimates automobile expenses per mile, and thereby systematically deprived employees of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.  They were reimbursed similar set amounts of automobile expenses per delivery; and

i.  They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

39. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in the state of Minnesota since the date three years preceding the filing of this Complaint.

40. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

41. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

42. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

  a. Whether Defendants failed to pay Class members the minimum wage required by Minnesota law;

  b. Whether Defendants required Class members to maintain their own automobiles in a safe, legally-operable, and insured condition;

  c. Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items;

  d. Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members; and

  e. Whether they were paid at or near the federal and state minimum wage before deducting unreimbursed business expenses.

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

44. Plaintiff's claim is typical of those of the Class in that:

  a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizzas and other food items to Defendants' customers;

  b. Plaintiff and the Class delivered pizzas and other food items using automobiles not owned or maintained by Defendants;

  c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

      d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

      e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

      f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

      g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby were systematically deprived of reasonably approximate reimbursements, resulting in wages below the Minnesota minimum wage in some or all workweeks;

      h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

      i. Plaintiff and the Class were paid at or near Minnesota minimum wage before deducting unreimbursed business expenses.

45. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

46. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

47. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

48. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938

49. Plaintiff reasserts and re-alleges the allegations set forth above.

50. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

51. Defendants are subject to the FLSA's minimum wage requirements as an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

52. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

53. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

54. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

55. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

56. Defendants knew or should have known that their pay and reimbursement policies, practices, and methodology result in failure to compensate delivery drivers at the federal minimum wage.

57. Defendants, pursuant to their policies, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

58. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' Domino's Pizza stores.

59. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

60. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

61. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount of liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

### Count II:  Violation of the Minnesota Fair Labor Standards Act

62. Plaintiff reasserts and re-alleges the allegations set forth above.

63. At all relevant times, Defendants have functioned as an "employer" within the meaning of the MFLSA. Minn. Stat. §177.23(6) and as a "large employer" within the scope and meaning of Minn. Stat. § 177.21(1)(a)(1) because their annual gross sales amounts to at least $500,000.

64. At all relevant times, Defendants have employed, and continue to employ, "employees," including Plaintiff, for services within the meaning of Minnesota law. Minn. Stat. § 177.23(7).

65. Defendants are subject to the MFLSA minimum wage requirement for "larger employers." Minn. Stat. § 177.24.

66. Pursuant to the MFLSA, the Defendants were required to pay Plaintiff and the Putative Plaintiffs reasonable and non-oppressive wages, when due, for all hours of work at hourly rates which exceeded the minimum wage rate under the FLSA on their regular pay date. Minn. Stat. §177.21, *et seq.*

67. Defendants failed to pay Plaintiff and the Putative Plaintiffs appropriate reimbursements for travel expenses causing employees' wages to be oppressive and unreasonable under Minnesota law. *Id.*

68. The foregoing conduct, as alleged, constitutes a willful violation of the MFLSA. Minn. Stat. §177.21, *et seq.*

69. As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff on behalf of himself and the Putative Plaintiffs, seek damages in the amount of unpaid earned compensation, liquidated damages, plus interest from the date each amount came due as provided by Minnesota law.

70. Plaintiff, on behalf of himself and the Putative Plaintiffs, seeks recovery of his attorneys' fees as provided by the MFLSA. *Id.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Minnesota Class;

d. Back pay damages for unpaid overtime compensation and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

### **Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: July 18, 2019                          Respectfully submitted,


                                                      s/Adam W. Hansen
Adam W. Hansen
MN Bar No. 0391704
APOLLO LAW LLC
3217 Hennepin Avenue South, Suite 7
Minneapolis, MN 55408
Telephone: (612) 927-2969
Fax: (419) 793-1804
adam@apollo-law.com

Jay Forester*,
TX Bar No. 24087532
FORESTER HAYNIE PLLC
1701 North Market Street, Suite 210
Dallas, Texas 75202
Telephone: (214) 210-2100
Fax: (214) 346-5909 fax
jay@foresterhaynie.com

**pro hac vice* forthcoming